**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-27844-BLOOM**

OLVIN BERRIOS RODRIGUEZ,

Petitioner,

v.

WARDEN, MIAMI FEDERAL
DETENTION CENTER,

Respondent.
______________________________________/

**ORDER TO SHOW CAUSE**

**THIS CAUSE** is before this Court upon Petitioner, Olvin Berrios Rodriguez's ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"), ECF No. [1].[1] Petitioner challenges his immigration detention at the Federal Detention Center in Miami, Florida and seeks, *inter alia*, release from custody under an order of supervision. *Id*. ¶¶ 2, 5, 6, 13, 15.

It is well-settled that a court has jurisdiction to consider a habeas corpus petition only if the court has jurisdiction over the proper respondent to the petition. *See Campbell v. Wolf*, No. 20-cv-20768, 2020 WL 2109933, at *1 (S.D. Fla. Feb. 26, 2020) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)). "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is the person who has custody over the petitioner." *Id.* (cleaned up). That is, the proper respondent is the "immediate custodian" of the prisoner with the ability to produce the prisoner's body before the habeas court. *Id.* "A district court acts within its respective jurisdiction

---

[1] The Court previously ordered "that on or before November 30, 2026, Petitioner must either pay the $5.00 filing fee or, in the alternative, file a Motion to Proceed *in forma pauperis*," ECF No. [5], and per the Clerk's Notice of Receipt of Filing Fee, ECF No. [7], Petitioner has complied by paying the filing fee.

within the meaning of § 2241 as long as the custodian can be reached by service of process." *Id.* (alteration adopted) (quoting *Rasul v. Bush*, 542 U.S. 466, 478–79 (2004)).

There are several named Respondents in this case. Petitioner alleges that he is being detained at the Miami Federal Detention Center ("Miami FDC") in Miami, Florida where the Warden of Miami FDC would have "immediate physical custody" of him. [ECF No. 1]. Because the Miami FDC is located within the Southern District of Florida, Respondent Warden is amenable to service of process. Accordingly, the Court has jurisdiction over the Petition and the Warden of the Miami FDC is a proper Respondent.

However, the Respondents U.S. Department of Homeland Security ("DHS") and U.S. Immigration and Custom Enforcement ("ICE") are not the "immediate custodian" of Petitioner. Unlike the role of the Warden, the roles of DHS and ICE with respect to Petitioner's custody are solely supervisory. Therefore, DHS and ICE must be dismissed from the case. *See Campbell*, 2020 WL 2109933, at *1; *see also Jarrett v. U.S. Att'y Gen.*, No. 23-20790-CIV, 2024 WL 4165273, at *1 n.1 (S.D. Fla. Feb. 7, 2024) ("In cases involving present physical confinement, the Supreme Court reaffirmed . . . that 'the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent.'" (quoting *Rumsfeld*, 542 U.S. at 439)).

Turning to the merits of the Petition, the Court cannot say from the face of the Petition that Petitioner is not entitled to relief. "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. **By November 18, 2026**, Respondent shall file a return on the Order to Show Cause why the Petition for Writ of Habeas Corpus should not be granted.

2. Petitioner may, but is not required to, file a Reply **by November 23, 2026**.

3. Furthermore, to preserve the status quo and the Court's jurisdiction, Respondent shall not remove Petitioner from the United States or the Southern District of Florida until further order of the Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 605 U.S. 91, 95 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits).

4. Respondents DHS and ICE are **DISMISSED** from this action.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 13, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

**Olvin Berrios Rodriguez**, *pro se*
A208781065/52383-506
Miami FDC
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101